IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Vincent S.,[1] | ) | C/A No.: 1:21-1561-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi,[2] Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [ECF No. 17]. On November 5, 2021, the court issued an order granting the Commissioner's motion to remand, reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the action for further administrative proceedings. [ECF No. 15]. On February 2, 2022, Plaintiff filed this motion seeking $3,588.75 in attorney fees.[3] [ECF No. 17]. The Commissioner subsequently filed a response

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

[3] In his brief, Plaintiff's counsel writes: Plaintiff requests fees based upon 16.5 hours of work in this civil action at an hourly rate of $217.50. This

indicating she did not object to the requested amount. [ECF No. 18]. Given

Plaintiff's counsel's representations in his motion and the Commissioner's

response in support of the motion and in accordance with 28 U.S.C. § 2412(d),

the court grants the motion and directs the Commissioner to pay Plaintiff

$3,588.75. This payment shall constitute a complete release from and bar to

any further claims that Plaintiff may have under the EAJA to fees, costs, and

expenses incurred in connection with disputing the Commissioner's decision.

This award is without prejudice to the rights of Plaintiff's counsel to seek

attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. §

406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 560 U.S. 586, 595–97 (2010), EAJA fees

awarded by this court belong to Plaintiff and are subject to offset under the

Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the

court orders the EAJA fee be paid to Plaintiff through payment delivered to

Plaintiff's counsel.[4]

---

amounts to $3,588.75 in legal fees under the EAJA." [ECF No. 17 at 3]. However, in the next sentence, he provides: "For the foregoing reasons, this Court should approve Plaintiff's application for fees in the amount of $5,445.00." *Id.* The undersigned considers the request for fees of $5,445.00 to be an error and interprets Plaintiff's motion as one for an attorney fee of $3,588.75, as this amount is consistent with the hours expended and hourly rate referenced.

[4] Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.

3

IT IS SO ORDERED.

February 11, 2022                     Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge